UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUSAN SWARTWOOD, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>FRAZIER EQUIPMENT, LLC, an Arizona corporation, LAWRENCE K. SLOAN and JANE DOE SLOAN, individually and as a marital community, HIGH-LITE RIDES, INC., a South Carolina corporation,<br><br>            Defendants. | CASE NO. C17-5971 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

This matter comes before the Court on Defendants' Frazier Equipment, LLC ("Frazier") and Lawrence K. Sloan ("Sloan") and Jane Doe Sloan's (collectively "Defendants") motion to dismiss for lack of personal jurisdiction. Dkt. 90. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On May 18, 2017, Plaintiffs Susan Swartwood, Crystal Groth, and minor M.G.S. ("Plaintiffs"), attended Defendant Fun-Tastic Shows, Inc.'s ("Fun-Tastic") Rhododendron Festival in Port Townsend, Washington. Dkt. 18, ¶¶ 4.4–4.5. Plaintiffs were riding together in one of the gondolas on the festival's Ferris wheel when the gondola turned upside down. *Id*. ¶¶ 4.6–4.8, 4.11. Plaintiffs all fell from the gondola and were injured. *Id*. Plaintiffs allege that Frazier owned the Ferris wheel, modified it beyond its original design specifications, and sold it to Fun-Tastic and that Sloan specifically modified the Ferris wheel as an agent of Fun-Tastic. *Id*. ¶¶ 4.2, 4.12.

On November 6, 2017, Plaintiffs filed a complaint against Fun-Tastic in the Jefferson County Superior Court for the State of Washington. Dkt. 1-1. On November 21, 2017, Fun-Tastic removed the matter to this Court. Dkt. 1. On April 23, 2018, Plaintiffs amended their complaint to add Defendant High-Lite Rides, Inc. Dkt. 15. On October 16, 2019, Plaintiffs settled their claims against Fun-Tastic. Dkt. 76. On November 4, 2019, Plaintiffs amended their complaint to add Defendants and allege claims for negligence and product liability against Frazier. Dkt. 81, ¶¶ 5.1–5.2.

On December 3, 2019, Defendants moved to dismiss Plaintiffs' claims for lack of personal jurisdiction. Dkt. 90. On December 26, 2019, Plaintiffs responded. Dkt. 94. On January 3, 2019, Defendants replied. Dkt. 96.

## II. DISCUSSION

**A.     Standard**

To determine whether it has jurisdiction over a defendant, a federal court applies the law of the state in which it sits, as long as that law is consistent with federal due process. *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). Washington grants courts the maximum jurisdictional reach permitted by due process. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). Due process is satisfied when subjecting the entity to the court's power does not "offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[T]raditional notions of fair play and substantial justice" require that a defendant have minimum contacts with the forum state before it may be haled into a court in that forum. *Int'l Shoe*, 326 U.S. at 316 (1945). The extent of those contacts can result in either general or specific personal jurisdiction over the defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

"Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks and citations omitted). "Additionally, any evidentiary materials submitted on the motion are construed in the light most favorable to the plaintiffs and all doubts are resolved in their favor." *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002).

### 1. General Jurisdiction

General jurisdiction permits a court to consider claims against a person or corporation for any conduct, even that which occurred outside the forum state. *Goodyear*, 564 U.S. at 924; *Daimler*, 571 U.S. at 126–27. A court may assert general jurisdiction over a foreign corporation when the corporation's affiliations with the state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF RR. Co. v. Tyrrell*, 137 S.Ct. 1549, 1559 (2017) (quoting *Daimler*, 571 U.S. at 127). Generally, a corporation is considered at home where it is incorporated or where it has its principal place of business; in exceptional cases, such as when a corporation has relocated the center of its enterprises due to war, a corporation may be considered at home in another location. *Id.* (discussing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

Plaintiffs allege that Frazier is an Arizona corporation and Sloan is an Arizona resident. Dkt. 81, ¶¶ 2.3–2.4. Plaintiffs do not allege facts suggesting a basis for the Court to find general jurisdiction over either Frazier or Sloan, and the Court concludes that general jurisdiction is lacking.

### 2. Specific Jurisdiction

Specific jurisdiction permits a district court to exercise jurisdiction over a nonresident defendant for conduct that "create[s] a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). To prove that specific jurisdiction exists in a tort-based action, a plaintiff must demonstrate that: (1) a defendant purposefully directed its activities at the forum state, (2) the lawsuit arises out of or

relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Picot*, 780 F.3d at 1211. A defendant purposefully directs its conduct toward a forum state when its actions are intended to have an effect within the state. *Schwarzenegger*, 374 F.3d at 803. This occurs if the defendant: "(1) commit[s] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Financial Co.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

If the plaintiff establishes the first two factors, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' in order to defeat personal jurisdiction." *Harris Rutsky & Co. Ins. Servs. Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)). These considerations include the extent of the defendant's purposeful interjection into the forum, the burden on the defendant, conflict of sovereignty with the defendant's state, the forum state's interest, judicial efficiency, the importance of the forum to the plaintiff's interest in convenient and effective relief, and the alternate forums. *Picot*, 780 F.3d at 1211 (citing *Core-Vent v. Novel Indus. AB*, 11 F.3d 1482, 1487–88 (9th Cir. 1993)).

Plaintiffs allege that Frazier placed a dangerous product into commerce in Washington and that torts resulted in Washington. Dkt. 94 at 4.[1] Plaintiffs allege that jurisdiction is proper pursuant to Washington's long-arm statute, RCW 4.28.185(b),

---

[1] ECF page numbering.

which provides for jurisdiction when a tortious act has been committed within Washington. *Id*. Defendants argue that though Washington law may extend jurisdiction in this case, jurisdiction would not be consistent with due process. Dkt. 96 at 1.

Plaintiffs argue the Court should follow *Puget Sound Bulb Exchange v. Metal Buildings Insulation, Inc.*, 9 Wn. App. 284, 294 (1973) where the Court of Appeals found that because the defendant voluntarily placed its products in the broad stream of interstate commerce, the defendant "[was] charged with knowledge that its product could appear in any state and therefore the necessary minimum contacts are inferred." However, "[a] foreign manufacturer or distributor does not purposefully avail itself of a forum when the sale of its products there is an 'isolated occurrence' or when the unilateral act of a consumer or other third party brings the product into the forum state." *State v. LG Electronics*, 186 Wn.2d 169, 177 (2016) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). "The stream of commerce theory does not allow jurisdiction based on the mere foreseeability that a product may end up in a forum state." *Id*. at 178 (citing *World-Wide Volkswagen*, 444 U.S. at 295–97).

Plaintiffs argue that Frazier "sold carnival equipment to a Portland-based company bordering Washington; that [Frazier] knew the equipment was specifically designed to be broken down and shipped short or long distances; and that [Frazier] knew Fun-Tastic served Washington extensively." Dkt. 94 at 10–11. Plaintiffs' argument is that it was foreseeable to Frazier that its product would end up in Washington based on Fun-Tastic's relationship with Washington does not constitute conduct Frazier purposefully directed at Washington. Plaintiffs allege a single transaction between two non-Washington parties

and do not argue that the sale occurred in Washington or that Frazier otherwise directed any other conduct toward Washington. While Frazier committed an intentional act, the sale, and Sloan is alleged to have committed an intentional act on behalf of Frazier, the modification of the gate, Plaintiffs' allegations do not establish these actions were expressly aimed at the forum state. *Morill*, 873 F.3d at 1142. Therefore, Plaintiff's allegations do not establish purposeful direction, one of the required elements of specific jurisdiction, and the Court thus grants the motion to dismiss.

**3.     Leave to Amend or Conduct Jurisdictional Discovery**

Plaintiffs seek leave to amend or permission to conduct jurisdictional discovery if the Court finds their jurisdictional allegations are insufficient. Dkt. 94 at 11. Plaintiffs argue that through discovery they would learn "the extent that Frazier has sold other equipment to Washington companies, the business relationship between Frazier and Washington and its knowledge as to where the Ferris wheel would be used." Dkt. 94 at 11. Defendants argue that any additional contacts between Frazier and Washington are entirely speculative. Courts may deny discovery when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). The Court agrees with Defendants that Plaintiffs have failed to advance their request beyond a "hunch" and thus denies the request for jurisdictional discovery.

In the event the court finds that dismissal is warranted, the court should grant leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). While Defendants argue that Plaintiffs cannot
ORDER - 7

allege any facts in an amended complaint that would cure the jurisdictional deficiencies and yet still comply with their obligation under Federal Rule of Civil Procedure 11(b)(3) to present pleadings to the Court which have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for investigation or discovery, Dkt. 96 at 10, the Court finds Defendants have failed to establish amendment would be futile. Thus, the Court grants Plaintiffs leave to file an amended complaint, which may be filed no later than February 21, 2020.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 90, is **GRANTED**. Plaintiffs may file an amended complaint no later than February 21, 2020.

Dated this 10th day of February, 2020.

BENJAMIN H. SETTLE
United States District Judge