1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUSAN SWARTWOOD, et al.,

                  Plaintiffs,

    v.

FRAZIER EQUIPMENT, LLC, an
Arizona corporation, LAWRENCE K.
SLOAN and JANE DOE SLOAN,
individually and as a marital community,
HIGH-LITE RIDES, INC., a South
Carolina corporation,

                  Defendants.

CASE NO. C17-5971 BHS

ORDER GRANTING
DEFENDANT'S SECOND
MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION

This matter comes before the Court on Defendants Frazier Equipment, LLC

("Frazier"), Lawrence K. Sloan ("Sloan"), and Jane Doe Sloan's (collectively

"Defendants") second motion to dismiss for lack of personal jurisdiction. Dkt. 104. The

Court has considered the pleadings filed in support of and in opposition to the motion and

the remainder of the file and hereby grants the motion for the reasons stated herein.

# I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On May 18, 2017, Plaintiffs Susan Swartwood, Crystal Groth, and minor M.G.S. ("Plaintiffs"), attended Defendant Fun-Tastic Shows, Inc.'s ("Fun-Tastic") Rhododendron Festival in Port Townsend, Washington. Dkt. 98, ⁋⁋ 3.23–3.24. Plaintiffs were riding together in one of the gondolas on the festival's Ferris wheel when one of the metallic locks attached to the gondola "ca[ught] on the [ride's] super-structure and eject[ed] the Plainitffs." *Id*. ⁋ 3.27. Plaintiffs all fell from the gondola and were injured. *Id*. ⁋ 3.30.

Plaintiffs allege that in 2010, Sloan as an agent of Frazier modified the Ferris wheel by adding the metallic locks to the doors of each passenger gondola. *Id.* ⁋ 3.21. Frazier owned the Ferris wheel and sold it to Fun-Tastic in a transaction between Steven Broetsky of Frazier and Ronald Burback ("Burback") of Fun-Tastic, who is a Washington resident. *Id*.[1] Plaintiffs also allege that "when sold to Fun-Tastic, [the Ferris wheel] was intended to be used in Washington State." *Id*. ⁋ 3.16

On November 6, 2017, Plaintiffs filed a complaint against Fun-Tastic in the Jefferson County Superior Court for the State of Washington. Dkt. 1-1. On November 21, 2017, Fun-Tastic removed the matter to this Court. Dkt. 1. On April 23, 2018, Plaintiffs amended their complaint to add Defendant High-Lite Rides, Inc. Dkt. 15. On October 16, 2019, Plaintiffs settled their claims against Fun-Tastic. Dkt. 76. On November 4, 2019,

---

[1] Defendants explain (and Plaintiffs do not dispute) that Steven Broetsky is the managing member of Frazier and Burback is the president of Fun-Tastic. Dkt. 104 at 3.

Plaintiffs amended their complaint to add Defendants and allege claims for negligence and product liability against Frazier. Dkt. 81, ¶¶ 5.1–5.2.

On December 3, 2019, Defendants moved to dismiss Plaintiffs' claims for lack of personal jurisdiction. Dkt. 90. On February 10, 2020, the Court granted the motion to dismiss but granted Plaintiffs leave to amend. Dkt. 97. On February 19, 2020, Plaintiffs filed a third amended complaint ("TAC"). Dkt. 98.

On March 3, 2020, Defendants filed a second motion to dismiss for lack of personal jurisdiction. Dkt. 104. On March 17, 2020, Plaintiffs responded. Dkt. 105. On March 26, 2020, Defendants replied. Dkt. 106.

## II.   DISCUSSION

**A.   Standard**

To determine whether it has jurisdiction over a defendant, a federal court applies the law of the state in which it sits, as long as that law is consistent with federal due process. *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). Washington grants courts the maximum jurisdictional reach permitted by due process. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). Due process is satisfied when subjecting the entity to the court's power does not "offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[T]raditional notions of fair play and substantial justice" require that a defendant have minimum contacts with the forum state before it may be haled into a court in that forum. *Int'l Shoe*, 326 U.S. at 316 (1945). The extent of those contacts can result in either general or specific personal

jurisdiction over the defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

**B.    Analysis**

**1.    General Jurisdiction**

The Court previously found no basis to conclude it has general jurisdiction over the Defendants, Dkt. 97 at 4, and similarly finds that the allegations in the TAC do not allege a basis for general jurisdiction.

**2.    Specific Jurisdiction**

Specific jurisdiction permits a district court to exercise jurisdiction over a nonresident defendant for conduct that "create[s] a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). To prove that specific jurisdiction exists in a tort-based action, a plaintiff must demonstrate that: (1) a defendant purposefully directed its activities at the forum state, (2) the lawsuit arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). The plaintiff bears the burden to satisfy the first two prongs of the test, and jurisdiction fails if they are not established. *Morrill v. Scott Financial Co.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). A defendant purposefully directs its conduct toward a forum state when its actions are intended to have an effect within the state. *Schwarzenegger*, 374 F.3d at 803. This occurs in a tort-based action if the defendant: "(1) commit[s] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

suffered in the forum state." *Morrill*, 873 F.3d at 1142. In deciding specific jurisdiction, the Court must "look[] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285.

The Court previously found Plaintiffs failed to establish the first necessary element, purposeful direction, when they alleged that it was foreseeable to Frazier that its product would end up in Washington based on Fun-Tastic's relationship with Washington. Dkt. 97 at 6. The Court found Plaintiffs had failed to establish that either the sale or the gate modification was expressly aimed at Washington. *Id*. at 7 (citing *Morrill*, 873 F.3d at 1142).

In their TAC, Plaintiffs provide additional allegations about Fun-Tastic's business relationship with Washington State. Plaintiffs describe Fun-Tastic's business licensing and reporting obligations to Washington as well as its history of substantial operations and substantial employment of Washington residents, information it alleges was "readily available to the public including Defendant Frazier." Dkt. 98, ¶¶ 3.1–3.1.13, 3.12. Plaintiffs also detail the extent of Fun-Tastic's carnival operations in Washington including at the Washington State Fair. *See, e.g.*, *id.* ¶¶ 3.2–3.36.

Additionally, Plaintiffs allege that both Frazier and Fun-Tastic have "been publicized in [Carnival] magazine prior to the sale of the Ferris wheel in question," and as noted, allege that Burback, a Washington resident, was a party to the sale of the Ferris wheel. *Id.* ¶¶ 3.4, 3.21.

Plaintiffs emphasize that their claim should be analyzed under the tort-based "purposeful direction" standard. Dkt. 105 at 4. They argue that the public evidence Fun-

1   Tastic operated in Washington demonstrates "that the moving Defendants were aware

2   they were transacting with a company that had regular, consistent and ongoing business

3   in Washington state for nearly a half-century." *Id.* at 5. They also argue that "it was

4   understood the Ferris wheel itself was sold for the specific business purpose of operating

5   in Washington." *Id.*

6          Plaintiffs' additional allegations provide additional support for the argument that it

7   was foreseeable to Defendants that the Ferris Wheel would be used in Washington.

8   However, they do not change the Court's conclusion that these allegations are insufficient

9   to support a finding that Defendants expressly aimed tortious action at Washington when

10  Frazier sold the Ferris wheel to Fun-Tastic. Plaintiffs do not allege that Frazier sought

11  Fun-Tastic out as a buyer for the Ferris wheel or advertised the Ferris wheel for sale in

12  Washington. While Burback purchased the Ferris wheel and is a Washington resident, the

13  record shows that Burback traveled to Phoenix, Arizona to see the Ferris wheel after

14  learning that it was for sale through a third party who dealt in used amusement rides and

15  purchased it on that trip. *See* Dkt. 95-1, Deposition of Ronald Burback, at 10, 27.[2] It is

16  insufficient "to rely on a defendant's 'random, fortuitous, or attenuated contacts' [with

17  the forum] or on the 'unilateral activity' of a plaintiff" to find specific jurisdiction.

18  *Walden*, 571 U.S. at 286 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475). The

19  contacts Plaintiffs describe with Washington are the unilateral activities of Fun-Tastic,

20  not contacts Frazier purposefully directed at Washington. Therefore, finding that

21

22          [2] Deposition transcript page numbering.

Plaintiffs have failed to establish purposeful direction, an essential element of specific jurisdiction, *Morrill*, 873 F.3d at 1142, the Court grants the motion to dismiss for lack of personal jurisdiction.

**C.     Leave to Amend**

"The trial court's discretion to deny [leave to amend] is particularly broad where, as here, a plaintiff previously has been granted leave to amend." *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 879 (9th Cir. 1999). Plaintiffs do not request leave to amend. As the Court previously granted leave to amend and the amended complaint does not correct the identified deficiencies, the Court dismisses Plaintiffs' claims against the specified Defendants with prejudice.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss for lack of personal jurisdiction, Dkt. 104, is **GRANTED**.

The Clerk shall terminate Frazier, Lawrence K. Sloan, and Jane Doe Sloan from this action.

Dated this 28th day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge